Guria, per Richardson, J.
These two cases depend upon proper construction of the 5th sec. of the City Ordin-°f March, 1840. “ No negro or person of color, whether *321 bond or free, shall be permitted to assemble or loiter in any liquor store, or in or about the door thereof, &c. &c.; and the owner or keeper of such store &c., shall forfeit and pay a sum not less than five dollars nor more than twenty dollars, in every case where such negroes or persons of color shall be •found assembled in his or her store, or at the door thereof, or shall be found loitering or sitting down therein, or violating any of the provisions of this section of the Ordinance contrary to the true meaning thereof.”
This Ordinance constitutes a police regulation for the purpose of preserving the order of the city.
It is evidently a law in the nature of a remedial act, to prevent a mischief and to apply a remedy. The terms are, ■“ No negro or person of color,” and from the nature of the subject and the object in view, the Ordinance must be construed with rational liberality, so as to make it enure to its proper and beneficial ends.
Why, then, is it necessary to describe the assemblage of negroes in any other way than in the words of the Ordinance ?
To require the names of the negroes or of their owners or their sex, would be requiring, in many cases, an impossibility. Such assemblages usually disperse, upon the least alarm, and few can tell their names or their owners’s names. And as to their sex, it is so easy to disguise it by a change of clothing, that the informer, although he plainly saw the assemblage, could as rarely prove the sex as know the names of the negroes, or of their owners.
This Court are therefore of opinion, that in describing the negroes it is not necessary to set forth either the names of the negroes nor of their owners nor their sex, in the process.
If the defendants in such cases can prove a permit or license for the loitering of any slaves, such defence would only be the safer and more certainly applicable to any negro, when no name or sex had entered into the description of the ne-groes in the process.
The risk or hazard in such cases would be to the prosecution, and not to the defendants.
It follows from such reasoning, that in the case against C. F. Seeba, the decision of the City Judge must be reversed and the demurrer overruled, and in the case against J. Hahn must be affirmed.
O’Neall, Evaks, Wardlaw and Frost, JJ. concurred.
Motion granted in the first case, and refused in the second.